IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**STEPHEN L. WILSON**

    **Plaintiff,**

v.                                                          No. CIV 98-0411 LH.LFG

**COUNTY OF BERNALILLO,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Objection to Clerk's Order Settling Costs and Motion for Review by the District Court and Motion to Stay Costs Awarded (Docket No. 75). The Court, having considered the pleadings of the parties and being fully advised on this issue, concludes that Plaintiff's motion shall be **denied in part and granted in part.**

On May 21, 1999, an Order was entered, granting Defendant's Motion for Summary Judgment. That same day, Final Judgment was entered. Defendant was awarded its costs of action. On June 2, 1999, Defendant filed its Cost Bill seeking reimbursement for four categories of expenses and on June 10, 1999, Defendant filed a Verification of Cost Bill. On June 16, 1999, Plaintiff filed a Response to Motion to Tax Costs, objecting to all of the Cost Bill, except the portion relating to filing fees. On July 2, 1999, Defendant filed a Reply to Plaintiff's Response to Defendant's Cost Bill, and attached invoices for the claimed costs. On October 1, 1999, the Clerk's Order Settling Costs was entered, taxing costs against Plaintiff in the amount of

1

$1,246.35. Plaintiff objected to this order by filing the motion currently before the Court. Response and reply briefs were subsequently filed.

FED.R.CIV.P. 54(d) creates a presumption in favor of awarding costs and a general requirement that a court state its reasons if it decides to deny costs to a prevailing party. *See Cantrell v. Int'l Brotherhood of Elec. Workers,* 69 F.3d 456, 459 (10th Cir. 1995); *Furr v. AT & T Technologies, Inc.,* 824 F.2d 1537, 1550 (10th Cir. 1987). It is the burden of the Plaintiff to overcome the presumption that the prevailing party is entitled to costs. *See Serna v. Manzano*, 616 F.2d 1165, 1167 (10th Cir. 1980). My review of the Clerk's order settling costs is *de novo*. *See Furr*, 824 F.2d at 1550 n.11.

**Discussion**

**(1) Cost of Plaintiff's Deposition**

There is no dispute between the parties that Mr. Wilson's deposition was reasonably necessary to the litigation, and indeed both parties submitted portions of it during the summary judgment proceedings.

Plaintiff's first objection is to the amount charged against him for this deposition. He argues that because no receipt for the deposition was attached to Defendant's Cost Bill, and in fact was not provided until Defendant filed its reply to Plaintiff's initial objection, that the request for costs is untimely under the local rule. Plaintiff notes that the receipt established that Defendants were attempting to assess the expense of both an original and a copy of the deposition, in violation of D.N.M.LR-CIV. 54.2(b)(1).

Both the Cost Bill and Verification were filed within thirty (30) calendar days of entry of judgment, and are therefore timely filed pursuant to D.N.M.LR-CIV.54.1. I reject Plaintiff's

argument that Defendant's Cost Bill submission was defective or untimely because it did not attach relevant receipts.  Under Local Rule 54.1, receipts are necessary only if so required by rule or statute.  Plaintiff has pointed to no rule or statute that requires the attachment of receipts in this case.  Although not required, Defendant did attach to its reply brief all receipts for claimed costs.  This information was available to the Clerk prior to entry of his order settling costs.  This objection is without merit.

In response to Plaintiff's opposition to paying for the original and a copy of Mr. Wilson's deposition, defense counsel submitted an affidavit that states that the party who noticed the deposition cannot obtain an original deposition transcript from the court reporter without also obtaining a copy.  Likewise, this affidavit indicates that the party who noticed the deposition cannot obtain a copy of the deposition from the court reporter without ordering the original.  The receipt for Mr. Wilson's deposition shows one charge for the original and one copy (160 pages) in the amount of $624.00, without any indication as to the cost for each of these items.  Because the court reporter did not charge separately for each item, and because this deposition was apparently available from this court reporter only in a package of two, I will uphold the Clerk's awarding of this total expense.  Plaintiff has not overcome the presumption that Defendant is entitled to the cost of its obtaining this deposition.  The denial of this cost would be a penalty to Defendant, given the unrebutted evidence before the Court that the court reporter required Defendant to pay $624.00, as the party who took the deposition.  This is the amount that Defendant was required to pay and this amount of reimbursement will be allowed.

**(2) Copy Charges**

Plaintiff objects to all copy charges, on the theory that the Court did not request any

exhibits, nor were any admitted into evidence in place of the original, and that the charges are therefore precluded by D.N.M.LR-CIV. 54.2(e). These copy costs are those incurred to obtain the EEOC file and the medical records of Stephen Wilson, as well as unspecified charges delineated only as "Other Outside Copying Charges".

Copying costs are recoverable under 28 U.S.C. § 1920(4) for "copies of papers necessarily obtained for use in the case." It is apparent from the description of the EEOC and medical records that they were relevant to the issues in the case and necessarily obtained for use in the case. *See Silva v. Goodwill Industries of New Mexico*, No. 98 Civ. 0197 JP/WWD (D.N.M. Aug. 10, 1999). In addition, portions of each of these categories of documents were attached to Defendant's brief as exhibits in support of summary judgment. Conversely, the copying charges for $2.70 and $117.43 for copying done by the Paper Chase Copy Center, the "Other Outside Copying Charges" indicate no apparent connection to this case, nor has defense counsel indicated to the Court as to how this copying related to the case. Accordingly, this third category of copying charges in the amount of $120.13 are disallowed.

Finally, Plaintiff asks the Court to defer the imposition of costs awarded, if any, until after the pending appeal has been decided. Plaintiff has not presented a sufficient basis to stay the execution of costs awarded herein; his request for stay shall be denied.

**WHEREFORE**, for the foregoing reasons, costs are taxed against the Plaintiff and in favor of the Defendant in the amount of $1,126.22.

**IT IS THEREFORE ORDERED** that Plaintiffs' Objection to Clerk's Order Settling Costs and Motion for Review by the District Court and Motion to Stay Costs Awarded (Docket No. 75) is DENIED in part and GRANTED in part as follows:

1. the Clerk's award of copying charges of $2.70 and $117.43 is vacated because it is impossible to determine whether this award is appropriate under D.N.M.LR-Civ. 54.2(e);

2. in all other respects, the Clerk's Order Settling Costs is affirmed, and costs are taxed against the Plaintiff and in favor of Defendant in the total of $1,126.22.

_____
**UNITED STATES DISTRICT JUDGE**